William D. FULTON and Elizabeth Hattie Fulton, Respondents,

v.

Ruth L. BAILEY, Appellant.

No. 52076.

Supreme Court of Missouri, Division No. 2.

April 10, 1967.

James E. Grier, David E. Kinton, Kansas City, for respondents, Brewer & Myers, Kansas City, of counsel.

Donald K. Hoel, John T. Martin, Kansas City, for defendant-appellant, Shook,

Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

## PRITCHARD, Commissioner.

The initial inquiry here is whether there exists a final, appealable order of the trial court. The action is one for damages for breach of a contract to sell real estate. At the close of the evidence, plaintiffs moved for direction of the verdict as to defendant's *liability* under the contract, and for submission to the jury only the question of damages for the breach of the contract. The motion was denied, and all issues of the cause were submitted to the jury. The jury returned a verdict for defendant, and the court entered judgment in accordance with the verdict for defendant.

Plaintiffs timely filed their motion for judgment in accordance with their motion for directed verdict. § 510.290, RSMo 1959, V.A.M.S. Alternatively, a motion for new trial was included. Civil Rule 72.02, V.A.M.R. The transcript shows the following order:

"Thereafter, and on the 28th day of February, 1966, the plaintiffs' motion to set aside verdict and judgment and to enter judgment for plaintiffs in accordance with their motion for directed verdict at the close of all the evidence, except as to the issue of damages, was by the court sustained.

"If this court's ruling on the motion for judgment is reversed, then the alternative motion of plaintiffs for new trial shall be by the court overruled.

"WHEREFORE, it is ordered and adjudged by the court that the judgment, heretofore entered herein, that plaintiffs take nothing by this action in their behalf as to the defendant Ruth Bailey be and the same is hereby set aside and for naught held."

Note that the after-trial order granted plaintiffs' motion for judgment in accordance with their motion for directed verdict made at the close of the case. The effect is that plaintiffs have judgment upon the issue of liability. Defendant being aggrieved by that order and judgment (and taking away her own judgment) has a right of appeal under § 512.020, RSMo 1959, V.A.M.S., providing that "Any party to a suit *aggrieved by any judgment* of any trial court in any civil cause * * * may take his appeal to a court having appellate jurisdiction from *any order granting a new trial,* * * * or from any final judgment in the case or from any special order after final judgment in the cause; * * *." (Italics added.) It has been held by this court on several occasions that a party may appeal from an order granting a new trial on the issue of damages only. Page v. Hamilton, Mo., 329 S.W.2d 758, 762 [3] (a new trial awarded defendant upon the issue of damages only, for which defendant [Hamilton] did not ask); Snyder v. St. Louis Public Service Company, Mo., 329 S.W.2d 721, 723 (a new trial awarded defendant upon the issue of liability only); Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 695 [5], 34 A.L.R.2d 972 (a new trial on the issue of damages awarded defendant, for which neither it nor plaintiff asked; both parties, being aggrieved, could appeal). See also Bubke v. Allied Building Credits, Inc., Mo.App., 380 S.W.2d 516, 518 [1]. The orders from which defendant here seeks relief are appealable. The general rule that a judgment to be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination, Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377, 379, is not here applicable in the face of § 512.020, supra, and cases above cited.

The next consideration is whether the court properly took away defendant's judgment (based upon a general verdict for her) and entered a judgment for plaintiffs upon the issue of liability under the initial contract. That was a "short-form" real estate contract signed by both parties. Plaintiffs say that the trial court did not err in sustaining their after-trial motion, and enter-

ing judgment for them, because the short-form contract is a valid and binding agreement, and parol evidence is not admissible to vary or extend its terms. On the other hand, defendant says that the short-form document is not as a matter of law an enforceable agreement; that it did not contain all essential terms for a contract of sale of real estate; that the parties did not intend the writing sued upon to be the final written memorial of their agreement; and that parol evidence is admissible to show a mistaken omission and to show lack of intention that the writing was to be the final written memorial of their agreement. The issue is thus joined as to whether, on the basis of the short-form contract, plaintiffs were entitled to direction of the verdict upon the issue of defendant's liability as a matter of law.

The short-form contract sued upon by plaintiffs is dated July 19, 1962, at Kansas City, Missouri, and is addressed to the Souders Realty Company. That company is authorized to submit an offer on behalf of Ruth L. Bailey (defendant) to purchase the W. D. Fulton property at 5930 Ward Parkway in Kansas City for $78,500, payable: "$8,000.00 earnest money submitted herewith. For the balance of the purchase price the buyers agree to execute their note secured by a First Deed of Trust on the above property and a mortgage on the buyers property at 6837 Brookside (in favor of the sellers) in the amount of $70,500.00 payable as follows: $500.00 or more per month beginning November 1, 1962 and bearing interest of 6% with $20,000.00 becoming due and payable November 1, 1963 and then $500.00 per month or more bearing 6% interest with $25,000.00 becoming due and payable November 1, 1964: and then $500.00 or more per month and bearing 6% interest with entire balance becoming due and payable November 1, 1965. Within three days following acceptance of this offer all parties hereto agree to execute a formal contract according to the price and terms set forth above. This offer shall remain in effect and be irrevocable until:

(Date and Hour left blank)." This document was signed by Ruth L. Bailey, and the names of J. T. Bailey and Orpha B. Bailey appear thereon (defendant testified that she signed her parents' names to the form) and "Accepted July 20, 1962 W. D. Fulton (and) Elizabeth Hattie Fulton his wife." Payment was stopped on defendant's $8,000 check, No. 108, dated July 19, 1962, payable to Souders Realty Company, drawn on the Traders National Bank, Kansas City, Missouri.

■ Ordinarily, in this state a verdict may not be directed for a party having the final burden of proof. Coleman v. Jackson County, 349 Mo. 255, 160 S.W.2d 691, 693 [2], and cases cited, notably the leading case of Cluck v. Abe, 328 Mo. 81, 40 S.W. 2d 558, 559. In the Coleman case the court set forth the exception to the aforesaid rule: "If the opponent, that is the party not having the burden of proof, admits either in his pleadings or by counsel in open court or in his individual testimony on the trial the truth of the basic facts upon which the claim of the proponent rests, a verdict may be directed against him, and if the proof is altogether of a documentary nature and the authenticity and correctness of the documents are unquestioned, and if such proof establishes beyond all doubt the truth of facts which as a matter of law entitled the proponent to the relief sought, and such proof is unimpeached and uncontradicted, the proponent will be entitled to a peremptory instruction. This is upon the theory that there is no question of fact left in the case and that upon the questions of law involved the jury has no right to pass. (Citing cases)."

Here, defendant's answer to plaintiffs' petition for damages admitted that on July 19, 1962, she and an agent of plaintiffs did discuss a proposed offer to purchase the 5930 Ward Parkway property; denied that "Exhibit A" (the alleged short-form contract) attached to plaintiffs' petition is a contract; and denied each and every other allegation contained in plaintiffs' petition, except express admissions in the answer.

Neither did counsel for defendant admit the alleged contract as being valid. Plaintiffs contend not only that the short-form contract identified the parties, subject matter, and stated the promises of both plaintiffs and the defendant, the consideration and the price (citing Ray v. Wooster, Mo., 270 S.W.2d 743, 751, for those essential terms) and was an enforceable contract, but that defendant's own testimony was insufficient to support her defenses.

The question is whether parol evidence is admissible to show that the parties *did not intend* to be bound by the initial short-form real estate contract. Defendant's testimony (to which there was no objection) relative to the execution of the short-form contract is that after her first offer was rejected Mrs. Nellie Lee (saleslady for Souders Realty Company, and agent for sellers, the plaintiffs) called her and asked that she come to her apartment, which defendant did. Mrs. Lee informed her that a first offer had been turned down by Mr. Fulton and that a new offer would be for $78,500 with an $8,000 check down. Defendant signed the form, which was on a pad of forms, in blank. The next day, Mrs. Lee called her to tell her that Mr. Fulton had accepted the offer, but that he said it was not legal and there would have to be a long form drawn. Before the form was filled in, defendant discussed the terms of the agreement with Mrs. Nellie Lee. Part of the terms of the typewritten form, Plaintiffs' Exhibit 1, is the same as defendant discussed with Mrs. Lee. *Omitted* was the provision that the offer was to be contingent upon defendant being able to borrow $8,000 at the bank, which defendant discussed fully with Mrs. Lee and expressed a "lot of fear" about it. Mrs. Lee told defendant, " 'You will have plenty of time. Mrs. Essie Souders will give you all the time you need to get the money from the bank.' " The final typewritten offer was to include the contingency of a loan. Defendant first saw a copy of Plaintiffs' Exhibit 1, after it had been completed and typed in, on Tuesday, July 24, 1962, after she had been given a

copy of the long-form contract (below mentioned) on Monday, the day before. That was the first time defendant knew that the short-form contract did not contain the provision for the contingency of getting the $8,000 loan. It was the discussion between defendant and Mrs. Lee that the short-form contract was to establish the price and then there would be a long-form contract drawn up, for which there would be a discussion with Mr. Fulton. Defendant wanted to discuss the condition of the driveway; the awnings; work that had been done on the foundation; first floor air conditioners; kitchen repairs and the linoleum therein; to examine a rug rolled up in the basement; and whether a recreation room refrigerator would be left there. Mrs. Lee told defendant she could discuss these items with Mr. Fulton at the time they would draw up a long-form contract. Defendant further testified that Plaintiffs' Exhibit 1 was merely to establish the price, that Mrs. Lee said even the terms didn't mean anything, and that they could talk to Mr. Fulton.

The "long-form" contract (Defendant's Exhibit 3) contained the price $78,500; $8,000 earnest money, and the terms of the promissory note were to be the same, *except* makers were given privilege to pay two or more installments at any time without penalty; an acceleration clause was included at the holder's option for default in the payment of principal and interest; 10% attorney's or collection fees were added; buyer accepts the property in its "present" condition; destruction by fire or other casualty gave buyer the option of enforcing the contract or canceling it by written notice within ten days unless seller notified buyer of its intention to repair or restore the premises to the same condition they were in prior to the destruction or damage, with due diligence. Defendant, upon being presented the long-form contract for reading by Mrs. Lee, refused to agree to its terms: she was mostly interested in the "as is" clause; the 10% penalty clause worried her, and the contingency (of her getting the $8,000 loan) was not in there. Defendant was never of-

fered the opportunity of discussing any matters with Mr. Fulton; she never refused to go ahead with the contract; and she was unable to borrow the $8,000 at the bank.

 There are several reasons why the trial court erred in setting aside defendant's verdict and judgment and ordering a new trial on the issue of damages only (and sustaining plaintiffs' motion for directed verdict on the issue of defendant's liability on the contract). Under the facts and circumstances, a jury issue was created as to whether the short-form contract embodied all the terms of defendant's offer. This is essentially to be found in defendant's testimony that she signed the short-form paper in blank, it being filled in by plaintiffs' agent, Mrs. Lee. Omitted, as the jury could find, was the matter of the offer being contingent upon, or conditioned upon, the ability of defendant to obtain an $8,000 loan for the down payment. This amounted to a mistake of the scrivener, Mrs. Lee, and that of defendant, a mutual mistake which constitutes a defense to the action brought by plaintiffs upon the short-form contract. It did not embody all of the terms of defendant's offer if the jury chose to believe the testimony of defendant concerning that lack. She testified further that she discussed the matter of the contingency of getting the loan with Mrs. Lee, upon whom, under the circumstances, she had a right to rely upon to insert into the short-form contract such contingency. Mrs. Lee, agent for plaintiffs, mistakenly omitted the contingency. Defendant mistakenly believed that same contingency was in the contract. The jury here was properly instructed, as a part of defendant's defense, to find for her if they believed the short form did not contain the terms and conditions the parties intended. "A meeting of the minds, mutual assent, is necessary to the making of a contract. Rexford v. Phillippi, 337 Mo. 389, 84 S.W.2d 628." Stone v. Stone, Mo., 176 S.W.2d 464, 468 [10, 11]; and there quoted is the here applicable statement of 17 C.J.S. Contracts § 135, p. 867, "Where parties assume to contract, and there is a mistake with reference to any material part of the subject matter, there is no contract, because of the want of mutual assent necessary to create one. In this connection, it has been said that mistake does not so much affect the validity of a contract as it does to prevent its inception, and that mistake may be such as to prevent any real agreement from being formed, so that the apparent contract is void both in law and equity, * * *." This is not a case where the otherwise "essential" terms to make a valid contract are included therein so as to make applicable plaintiffs' cited cases of Ray v. Wooster, Mo., 270 S.W. 743; and Hedges v. Hurd, 47 Wash.2d 706, 289 P.2d 706. Mistakenly omitted here, as a distinguishing feature, was that the offer was contingent or conditioned upon defendant getting a loan. Although the general rule is that parol evidence is not admissible to *vary* a written contract, so as to prove an intention not to be bound, or some intention with respect to identity of the subject matter of such contract, Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S.W.2d 817, 820 [6, 7], and cases cited; Tracy v. Union Iron-Works Co., 104 Mo. 193, 16 S.W. 203, 204; Sol Abrahams & Son Const. Co. v. Osterholm, Mo.App., 136 S.W.2d 86, 92; Edwards v. Sittner, Mo.App., 213 S.W.2d 652, 656, there is a well-recognized exception to that rule: "Parol evidence is, as a general rule, admissible for the purpose of showing that by reason of a mistake a written instrument does not truly express the intention of the parties, and it may be shown that by error certain matters have been omitted from a writing, * * *." 32A C.J.S. Evidence § 978, p. 461; Dickson v. Maddox, 330 Mo. 51, 48 S.W.2d 873, 877; Employers' Indemnity Corporation v. Garrett, 327 Mo. 874, 38 S.W.2d 1049, 1053 [4]; Wolf v. St. Louis Public Service Company, Mo.App., 357 S.W.2d 950, 959 [12, 13]. It was competent, and created a jury issue of contract or no contract, for defendant to testify that by reason of the erroneous omission of her contingent offer she had no intention "other than to establish the price."

Note also the provision of the claimed short-form contract that the parties would execute a formal contract within three days "according to the price and terms set-forth above." Defendant's testimony was that Mr. Fulton advised her, through Mrs. Lee, that he did not regard the "short-form" paper as "legal," but a formal long-form contract would have to be drawn up. Significantly, and against plaintiffs' interest on their urged proposition that the short-form paper is a binding contract, is the fact that *they* procured the long-form proposed contract, with extended terms and conditions (above mentioned) above those of the short form. That long-form contract also contained the so-called "integrated clause." ("This contract contains the entire agreement between the parties and both parties hereto acknowledge there have been no other representations or agreements, either oral or written, pertaining to this sale.")

Plaintiffs say that the issue of damages was not decided by the jury. There is no way of knowing whether the jury reached its verdict for defendant upon the theory of no binding contract, or upon the theory of no damages (upon which issue there was evidence) suffered by plaintiffs. Suffice it to say that it was error to enter judgment for plaintiffs, who had the burden of proof, in accordance with their motion for directed verdict made at the close of the case. Cluck v. Abe, supra. The new trial upon the issue of damages only was not granted upon any discretionary ground; the jury had that issue before it under appropriate instructions.

The judgment is reversed and the case is remanded with directions to reinstate the verdict and judgment for defendant.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.