Earl B. SCOTT, Appellant,

v.

Robert Q. THORNTON, Respondent.

No. 56250.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1972.

Mogab, Hughes & Green, Richard L.
Hughes, St. Louis, for appellant.

Murphy & Kortenhof, Edward E. Murphy, Jr., St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiff seeks the reversal of the judgment of the trial court sustaining defendant's motion for summary judgment in his action for damages for personal injuries arising out of an automobile accident. We reverse. The notice of appeal was filed prior to January 1, 1972, at which time this court had jurisdiction by reason of the amount in dispute. We retain jurisdiction pursuant to Art. V, § 31, par. 4, Constitution of Missouri, V.A.M.S.

Plaintiff alleged in his petition that while the automobile he was operating was stopped, defendant operated his automobile across the centerline and into a head-on collision with plaintiff's automobile. In his answer defendant admitted the operation of his automobile and that a collision occurred, but he denied generally all other allegations of plaintiff's petition, and he pleaded affirmative defenses of contributory negligence and release.

Based on the pleadings, answers by plaintiff to defendant's interrogatories, and depositions, the following are the material facts upon which the trial court entered its judgment.

On December 21, 1968, plaintiff was operating a station wagon belonging to Vivian Importing Company and was delivering Christmas packages. While standing still the station wagon was struck by an automobile operated by defendant. Plaintiff received workmen's compensation payments of $46 a week for approximately twelve weeks. On or near January 15, 1969, a representative of State Farm Insurance Company, a Mr. Baskett, called on plaintiff at his home and stated that he was representing defendant, and took a statement from plaintiff as to how the accident happened. Plaintiff did not again see Mr. Baskett, but at one time he called at the office of the State Farm Insurance Company and was told that Mr. Baskett was not there.

About March 18, 1969, plaintiff received through the mail a State Farm Insurance check signed by Mr. Baskett in the amount of $1,500. There was no accompanying letter. On the front of the check there appeared the statement, "In payment of loss which occurred about (date of accident) 12–21, 1968. Name of insured Robert Thornton." On the back of the check was the statement, "All payees must endorse this draft," and beneath this in smaller printing appeared the following: "By endorsing this draft the payee accepts the proceeds of same in full payment of all claims arising from the loss or accident mentioned on the face thereof. (For workmen's compensation payments this endorsement is an acknowledgment of receipt and not a release)." Plaintiff endorsed the check and cashed it.

According to Mr. Baskett, as related in his deposition, he had not checked plaintiff's medical records, had not had him examined by a doctor, and had not attempted to verify the nature and extent of the injuries related to him by plaintiff, but he had seen plaintiff and knew he had received some injuries. He had talked to plaintiff once in person and had talked to him on the telephone several times. He stated that he asked plaintiff what "he had in mind" as to settlement, and that after a discussion "he mentioned a figure of two thousand dollars," and that he made plaintiff an "offer of fifteen hundred dollars, and he accepted it."

Plaintiff testified in his deposition that he did not know why he received the $1,500 check, but he thought it pertained to workmen's compensation, and because he had not been working he thought he was being paid because he was hurt. He knew the check was from State Farm Insurance. He read the printed matter on the back of the check but not on its face. At the time the check was received he had not retained an attorney and had not filed a workmen's compensation claim, although he was re-

ceiving weekly compensation checks. He did not know that he had two claims, one for compensation, and one against defendant. In February 1970, plaintiff's attorney tendered a return of the $1,500 to State Farm Insurance, but it was refused. Plaintiff's compensation claim was settled for $3,796, and after credit was taken for the $1,500 he had received, a net payment of $2,296 was paid to plaintiff.

It was the practice for State Farm Insurance to obtain a written release on what was referred to as a "blue form." Mr. Baskett testified that he sent the form to plaintiff and asked that it be signed and returned to him in an enclosed envelope. Plaintiff testified that he did not see the form and had not signed it. Mr. Baskett could not state that he received it back, and a copy signed by plaintiff could not be produced at the trial.

■ Summary judgment is authorized where, but only where, the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Civil Rule 74.-04(c), V.A.M.R. It is further provided that "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Civil Rule 74.04(h), V.A.M.R. The appellate court, as well as the trial court, must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. Anderson v. Steurer, Mo., 391 S.W.2d 839, 842; Stanturf v. Sipes, Mo., 447 S.W.2d 558, 561.

■ In this case defendant has raised the affirmative defense of release, and therefore he has the burden of proof as to that defense. "Ordinarily, in this state a verdict may not be directed for a party having the final burden of proof." Fulton v. Bailey, Mo., 413 S.W.2d 514. If, however, the defense of release rests solely on the indorsement on the check and the wording thereon, that is, the proof of release was "altogether of a documentary nature and the authenticity and correctness of the documents are unquestioned," Fulton v. Bailey, supra, the issue is one of law for the court and not the jury. In this case a plaintiff contends that the meaning of the instrument signed by him is equivocal, and defendant states in his brief that his motion for summary judgment was based "on the deposition of plaintiff" and "plaintiff's answers to interrogatories," that is, oral testimony.

■ Defendant cites numerous cases in support of the motion for summary judgment, but as noted such judgment should not be rendered unless the prevailing party is shown "by unassailable proof to be entitled thereto as a matter of law." When applied to the facts of this case, this rule means "that summary judgment may not be entered for [defendant] if there be any theory within the scope of the pleadings, or within the broad scope of probable evidence (authorizing an amendment to the pleadings to conform to the proof) as revealed by the 'depositions, and admissions on file, together with the affidavits, if any,' (Civil Rule 74.04(c) which if believed by a jury or the trier of facts would authorize a recovery by plaintiff." Stanturf v. Sipes, supra, 447 S.W.2d at p. 561.

■ By reason of the pleadings, plaintiff is entitled to present evidence to support any theory to remove the effect of the release signed by him. Plaintiff relies on § 71(a) Restatement, Contracts, in which appears this note:

If the manifestations of intention of either party are uncertain or ambiguous, and he has no reason to know that they may bear a different meaning to the other party from that which he himself attaches to them, his manifestations are operative in the formation of a contract only in the event that the other party attaches to them the same meaning.

Depending on the evidence, other defenses might be appropriate. In any event, the defense to the release would depend on oral testimony. We do not rule that the factual situation of this case brings it within the rule announced in § 71(a) Restatement, Contracts, or that any other defense to the release is available. What we do rule is that whether the release signed by plaintiff and relied on by defendant is a complete bar to plaintiff's action cannot be determined from the record before us, and for that reason the record does not now demonstrate "by unassailable proof" that "as a matter of law" plaintiff is not entitled to recover.

The judgment is reversed and the cause remanded.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and LEWIS, Special Judge, concur.