The MORRIS PLAN COMPANY OF ST. JOSEPH, a Corporation, Appellant,

v.

The BROADWAY NATIONAL BANK OF KANSAS CITY, a Corporation, Respondent.

No. WD 30559.

Missouri Court of Appeals, Western District.

April 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1980.

Application to Transfer Denied June 10, 1980.

Wendall E. Koerner, Jr., Suzanne Bocell Bradley, St. Joseph, for appellant; Brown, Douglas & Brown, St. Joseph, of counsel.

Duke W. Ponick, Jr., Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

PRITCHARD, Judge.

The issues are whether the trial court properly granted summary judgment for respondent bank upon the theory (1) that

certain checks drawn upon it by Taylor Trailer Sales, Inc., to appellant did not constitute an assignment of the funds to appellant; and (2) whether a genuine issue of fact existed precluding summary judgment by reason of appellant's pleading in its first amended petition that it had a prior perfected security interest in certain property which was sold by Taylor, which security interest continued in the cash proceeds of the sale under § 400.9–306(2) and (3), RSMo 1978.

As appears from answers of respondent to appellant's request for admissions, respondent, on August 1, 1973, loaned $35,000 to Spartan Homes, Inc., said in respondent's brief to be its affiliate, the loan to be repaid within 7 days. Appellant's allegation was that Taylor, on August 15, 1973, gave it checks on its account with respondent totalling $24,794.26, which were presented to respondent and returned to appellant marked "refer to maker." On August 17, 1973, respondent debited Taylor's account in the amount of $29,193.89, and credited that amount on Spartan's loan with it. Appellant, by its secretary on that same date, August 17, 1973, again personally presented the checks but payment was again denied but on the ground of "insufficiency of funds."

■ Other facts concerning appellant's pleadings are set forth below, but as to its theory (Point III) that there was a material fact issue as to whether there was an assignment of any rights in Taylor's deposit to appellant, the contention must be denied, this for the reason that § 400.3–409(1) provides, "A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it." Long before the enactment in this state in 1963 of the U.C.C., the case law was that a mere payee of a check had no cause of action against a drawee bank on account of its nonpayment. See Richardson v. Empire Trust Co., 230 Mo.App. 580, 94 S.W.2d 966, 971 (1936), where plaintiff payee negotiated her employer's check upon which payment

was refused because the account was being closed, the court saying, "The bank owed no duty whatever to the plaintiff with respect to such check prior to an acceptance thereof by it or a certification thereof made by it. Section 2817, R.S.1929, supra. The petition does not charge that it was ever accepted or certified but shows to the contrary." See also Clements v. Yeates, 69 Mo. 623 (1879). [The prior law did distinguish between a check for a partial amount of a deposit and one which was for the exact or entire amount of the deposit, which could be an equitable assignment of the fund upon notice to the drawee. See Thompson v. Main Street Bank, 226 Mo.App. 246, 42 S.W.2d 56 (1929); McEwen v. Sterling State Bank, 222 Mo.App. 660, 5 S.W.2d 702 (1928).] Cases under § 3–409 of the U.C.C. from other jurisdictions, recently construing that provision are these: In Stewart v. Citizens and Southern National Bank, 138 Ga.App. 209, 225 S.E.2d 761 (1976), the holder presented a check to the bank. The bank and its agent "flatly refused to cash the check, although stating the check was good—that is, that there were sufficient funds in said account." The court held, page 762[2], that "plaintiff's remedy, as a holder, was 'against the drawers and indorsers,' not the defendant bank and its agent, neither of whom owed him a duty." In Brown v. South Shore National Bank of Chicago, 132 Ill.App.2d 246, 273 N.E.2d 671 (1971), drawee bank, before completion of posting, returned a check to payee's bank with a notation, "paid in error." The court held, page 673, "It is clear that in the absence of the certification or acceptance of a check a payee [drawee?] bank has no obligations to a holder to pay a check drawn on it." The court also held that the process of posting was not a completed act under the Illinois code, § 4–213(1). Appellant also argues that the date of first presentment of the checks was in dispute and was a material fact because Taylor's account had sufficient funds to cover the checks until August 17, 1973. The date of first presentment is not material. See Barnett Bank of Tallahassee v. Capital City First National Bank, 348 So.2d 643, 644[1, 2] (Fla.App.1977), where it

is said, "Whether there were adequate funds in Commonwealth's account to pay the check is not a material fact because the payor bank owes no duty to the payee of a check to pay the item, unless the check has been accepted." As a matter of law, the trial court did not err in granting summary judgment to respondent upon the ground that there had been no assignment to appellant of the checks.

In its first amendment petition, paragraph 4, appellant pleaded: "That for several years prior to August 8, 1973, plaintiff had from time to time made loans to Taylor Trailer Sales, Incorporated, for the purpose of financing said corporation's inventory of new and used mobile homes, which said corporation held for resale to the general public, that such loans were secured by a duly perfected security interest of the plaintiff in the mobile homes held by Taylor Trailer Sales, Incorporated, in its inventory and said security interest followed the cash proceeds of the sales of such mobile homes giving plaintiff a security interest therein, and such financing arrangement and security interest was well known to defendant on and prior to August 8 , 1973; that, at all times relevant to this action, upon the sale of a mobile home Taylor Trailer Sales, Incorporated, would deposit the proceeds of sales in its account, number 1010–0139 in defendant bank and issue checks on said account to the plaintiff to transfer such proceeds from sales, as aforesaid, to the plaintiff; * * *." In paragraph 7, appellant further pleaded that at the time the checks were presented there were sufficient funds to pay them in Taylor's account, but respondent refused to pay them, marking them "return to maker", and although defendant knew that the funds against which said checks were drawn were proceeds of the sales of mobile homes in which plaintiff had a security interest and which said funds constituted property of the plaintiff to which plaintiff was entitled to immediate possession at the time defendant refused to pay the checks, defendant unlawfully converted the funds in account 1010–0139 to its own use by crediting said funds to an indebtedness owed to defendant by Spartan

Homes, Incorporated, a Missouri corporation, which was a legal entity separate and distinct from Taylor Trailer Sales, Incorporated. These allegations were in substance repeated in Count II of the first amended petition.

Rule 74.04(c), relating to summary judgments, provides in part, "Judgment sought shall be rendered forthwith if the *pleadings*, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." (Emphasis added.) And, by paragraph (h) of the rule, it is provided, "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Although appellant has by its Point IV set forth that respondent is a trustee of a constructive trust of the monies for appellant (which could be a related theory to the perfected security interest theory) in the argument portion under that point, it clearly alludes to the fact of its pleaded theory above set forth in detail. That pleading brings this case squarely within § 400.9–306: "(1) 'Proceeds' includes whatever is received when collateral or proceeds is sold, * * *. Money, checks and the like are 'cash proceeds' * * *. (2) Except where this article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor. (3) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes unperfected ten days after receipt of the proceeds by the debtor unless (a) a filed financing statement covering the original collateral also covers proceeds; or (b) the security interest in the proceeds is perfected before the expiration of the ten-day period."

§ 400.9–104(k), excluding bank deposits from the U.C.C. provisions of secured transactions, does not apply to bank deposits which are the proceeds of collateral. See *In re JCM Cooperative, Inc.*, 8 U.C.C. Rep.Serv. 247, 251 (D.C.W.D.Mich.1970). And a bank's right of set-off as a general creditor under § 400.9–104(i) does not "mean that a general creditor, as the bank is here with respect to the funds in question, may abrogate a perfected security interest simply by having a right to and opportunity for a set-off." *Associates Discount Corp. v. Fidelity Union Trust Co.*, 111 N.J.Super. 353, 268 A.2d 330, 332[2] (1970). See also *Universal CIT Credit Corp. v. Farmers Bank of Portageville*, 358 F.Supp. 317 (E.D.Mo.1973), where an automobile financier sued a bank claiming a perfected security interest in the proceeds of sales of automobiles, the proceeds therefrom being deposited in the dealer's bank account from which the bank permitted withdrawal with knowledge of the financier's claim. Recovery against the bank was allowed based upon § 400.9–306(2) in the identifiable cash proceeds of the perfected security interest.

There was no evidence in any form presented to the trial court that appellant's pleaded theory that it had a perfected security interest in the proceeds of sale of collateral had no basis in fact. Appellant's answers to interrogatories propounded by respondent stated (in addition to the pleading) that "Money in the checking account represented funds received by Taylor Trailer Sales for the sale of mobile homes, which were part of plaintiff's floor plan financing agreement (with Taylor), the title and ownership of which mobile homes were in plaintiff." The trial court quite evidently did not consider the issue. Summary judgment for respondent was improperly granted because genuine issues of fact remained to be determined by the trier of the fact. *Scott v. Thornton*, 484 S.W.2d 312 (Mo.1972).

The judgment is reversed and the case is remanded for trial on the pleaded issues of a perfected security interest in the proceeds of sales of collateral under § 400.9–306, supra.

All concur.