**NORRIS FRIDLEY REAL ESTATE, INC., a Missouri Corporation, Appellant,**

v.

**Marvin FREDRICK and Kerin Fredrick, Respondents.**

No. 43187.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 29, 1981.

Thomas J. Briegel, Union, for appellant.

James W. Gallaher, III, Jefferson City, for respondents.

CRIST, Presiding Judge.

Action by appellant (realtor) on written contract for real estate commissions. The jury found for respondents, Marvin and Kerin Fredrick (owners). Realtor appeals, claiming that the trial court erred in admitting parol evidence which varied the written contract. We disagree and affirm.

On June 10, 1977, owners listed their farm for sale by Bob Wilbers Real Estate Company (Wilbers) in Linn, Missouri. The listing was in writing and was an exclusive agency listing which began on June 10, 1977 and was to run one year to June 10, 1978. Before the contract with Wilbers was to expire, realtor's agent came to owner's residence in order to solicit a listing agreement. On May 31, 1978, realtor's agent returned and at that time owners signed an exclusive agency listing agreement with realtor. While there, agent asked owners for a copy of the Wilbers' listing agreement. Owners searched for the listing but were unable to find it. Owners were not certain as to when the Wilbers' listing agreement expired and they informed agent as they signed the agreement that the agreement would not take effect until after the Wilbers' listing agreement had expired.

The written listing with realtor was dated May 31, 1978 and was to last for two months. Realtor was to have an exclusive right and privilege to sell the subject real estate. Realtor obtained two offers on the property during the two-month period following the signing of the listing agreement with owners. Also during this period, however, on June 10, 1978, owners entered into a real estate sales contract with a buyer procured by Wilbers. The purchase price was $126,170.00 and the transaction was closed on July 3, 1978. Owners paid Wilbers a real estate commission of $6,170.00.

Prior to the beginning of the trial on April 7, 1980, realtor filed a motion in limine requesting the court to rule before testimony that all statements made previous to the signing of the written contract which would alter or vary the terms of the

instrument be inadmissible as violative of the parol evidence rule. This motion was overruled. During the testimony of Marvin Fredrick, realtor objected on parol evidence grounds to his statement as to when the contract was to take effect. After the examination of Kerin Fredrick, the trial judge initiated a bench conference at which he informed realtor's counsel that, in order to establish a record for appellate review, he was taking the objection to the admission of parol evidence as a continuing one which would apply to Kerin's testimony as well.

▮ This case is controlled by *Farmers Ins. Exch. v. Farm Bureau Mut. Ins. Co.*, 522 S.W.2d 779 (Mo.banc 1975). The oral evidence received was not offered for the purpose of disputing or changing the terms of the listing agreement between owners and realtor. Rather, it was offered to establish a condition precedent to the listing agreement taking effect, *i. e.*, the termination of the previous listing agreement between owners and Wilbers. Oral evidence of an agreement as to when and if an instrument is to become effective is admissible under a well established exception to the parol evidence rule. *Vardeman v. Bruns*, 199 S.W. 710, 711 (Mo.App.1917). This testimony falls squarely within the exception in that it shows that the parties knew of the existence of the written real estate listing contract between owners and Wilbers and that neither party intended that the listing take effect until the termination of the Wilbers contract. The parol evidence as to the termination date of the contract between owners and Wilbers therefore was not something which was merged in a completed listing contract. It pertained instead to a condition precedent which operated to defer the effective date of the contract between owners and realtor. Accordingly, we hold that parol evidence of the termination date of owners contract with Wilbers and the effective date of the contract with realtor was admissible under the exception to the parol evidence rule.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.