**J. Raymond BRUMMET, Respondent,**

v.

**Bryan M. POPE, Appellant.**

**No. WD 35712.**

Missouri Court of Appeals,
Western District.

Jan. 22, 1985.

C. Christy Barton, Jefferson City, for appellant; Barton & Waltz, Jefferson City, of counsel.

James W. Gallaher and Pamela S. Quigg, Jefferson City, for respondent; Bushmann, Neff, Gallaher & Brown, Jefferson City, of counsel.

Before PRITCHARD, P.J., and SHANGLER and BERREY, JJ.

PRITCHARD, Presiding Judge.

Plaintiff brought suit upon an alleged oral contract for a real estate commission for procuring a buyer who was alleged to be ready, willing and able to purchase a building and land located at 225 Madison Street, Jefferson City, Missouri, owned by defendant (and his spouse). The trial court sustained plaintiff's motion for summary judgment and entered the judgment for the commission claimed in the amount of $8,640.00. The issue is whether the pleadings and affidavits show that there is no genuine issue as to any material fact and whether plaintiff is entitled to judgment as a matter of law under Rule 74.04.

Defendant admitted that plaintiff is a licensed real estate agent, and that defendant (alone as seller) executed a real estate sales contract with Hsin Hui Lu. That contract recites the agreement to sell and purchase the property between defendant and Lu for $144,000, "payable as follows: (a) On execution of agreement $5,000.00 receipt of which is acknowledged by Seller, Deposited with Brummet Realty, agent for seller and procuring cause of sale. (b) Balance as outlined below * * *."

By his first and second amended answers, defendant pleaded, 10.(c): "defend-

ant expressly agreed, acknowledged and stated (as did the potential buyer, Hsin Hui Lu) in order to obtain defendant's signature on a document, that there would be no agreement for sale and no acceptance of Hsin Hui Lu as a purchaser unless defendant's wife agreed to such proposed sale and co-executed a written sale contract, which agreement and co-execution were never obtained from defendant's wife." Following this allegation is Defendant's Affidavit in Opposition to Plaintiff's Motion for Summary Judgment: "5. Even if your defendant signed the purported contract form, no contract or agreement was ever formed or ever came into existence because the initial existence and formation of any contract or agreement for the sale of said real estate was expressly conditioned upon obtaining the written agreement of your defendant's spouse and co-owner of the property as a tenant by the entirety with your defendant, which latter agreement was never obtained." Plaintiff's affidavit did not set up any facts establishing the non-exstence of facts supporting defendant's pleading and affidavit. See *Scott v. Thornton,* 484 S.W.2d 312, 314–315 (Mo.1972); *Pitman Mfg. Co. v. Centropolis Transfer Co.,* 461 S.W.2d 866, 873 (Mo.1970); and *Mound Rose Cornice & Sheet Metal Works, Inc., v. H. Kalicak Construction Company,* 454 S.W.2d 603, 607[8] (Mo.App.1970).

Defendant's allegation and affidavit stated facts going to the very existence and formation of the purported contract, which would probably have to be established by oral evidence, as to whether defendant's wife must have agreed to the proposed sale and must have co-executed the agreement for sale with Lu. In *Farmers Insurance Exchange v. Farm Bureau Mutual Insurance Company,* 522 S.W.2d 779, 783 (Mo. banc 1975), "Oral evidence of an agreement as to when and if a written instrument is to become effective is admissible under a well established exception to the parol evidence rule." Quoting 30 Am.Jur.2d Evidence § 1038, " 'It is now the general rule that parol evidence is admissible to show conditions precedent which relate to the delivery or the taking effect of a written instru-

ment. Such evidence does not constitute an oral contradiction, or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed, at least not until the fulfilment of the condition.' " See further 32A C.J.S. Evidence, § 935, there quoted, and the Missouri cases there cited; and also *City-Wide Asphalt Co., Inc. ex rel. City of Kansas City v. E.E. Scott Construction Co., Inc.,* 610 S.W.2d 330, 336[5] (Mo.App.1980); and *Norris Fridley Real Estate, Inc. v. Fredrick,* 623 S.W.2d 60, 61[1, 2] (Mo.App. 1981).

A genuine issue of fact was in the case as to the existence and necessity of defendant's wife's consent and co-execution of the contract, and the trial court therefore erred in granting plaintiff a summary judgment. Other defenses asserted may be adjudged upon trial upon the evidence presented and the applicable law, including the amount of plaintiff's commission should he then prevail.

The judgment is reversed and the case is remanded for further proceedings.

All concur.