**In re ESTATE OF Winifred E. MUSIOL, Deceased.**

No. ED 88782.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 2007.

James A. Stemmler, St. Louis, MO, for appellant.

Jerome S. Kraus, Lori R. Koch, Goffstein, Raskas, Pomerantz, Kraus & Sherman, L.L.C., St. Louis, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Lorenzo E. Jarrett ("Brother"), brother of Winifred E. Musiol ("Musiol") and personal representative of her estate, appeals the judgment ordering the return of $30,000 to Musiol's Salomon Smith Barney account ("Brokerage Account"). We affirm.

## I. BACKGROUND

In her last will and testament, Musiol bequeathed her "Salomon Smith Barney account ... *as it exists on the date of [her] death,* in equal shares" to Joseph J. Musiol, James C. Musiol, and Bill Steckenrider ("Children").[1] (emphasis added).

Later, Musiol executed a durable power of attorney appointing Brother as her attorney-in-fact. On December 23, 2004, one day before Musiol died, Brother signed Musiol's name to a check written on the Brokerage Account, payable to Musiol's account at Pioneer Bank ("Bank") in the amount of $30,000. Musiol died the following day and the check written on the Brokerage Account cleared on January 4, 2007.

Children filed a petition for discovery of assets, alleging that Brother, as personal representative, obtained possession of assets of Musiol's estate which rightfully belonged to them. Children moved for summary judgment and the trial court granted the motion, ordering Brother to "return the sum of $30,000 to the [Brokerage Account]."

Brother appeals.

## II. DISCUSSION

Our review of a summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when there exist no genuine issues of material fact and the moving party is entitled to

---

1. Joseph J. Musiol and James C. Musiol are the natural children of Joseph R. Musiol and William Steckenrider is the step-son of Joseph R. Musiol, deceased husband of Musiol.

judgment as a matter of law. Rule 74.04(c).

■ In his sole point on appeal, Brother asserts the trial court erred in granting summary judgment and ordering that he return $30,000 to the Brokerage Account because there was no evidence that Musiol's intent was that outstanding checks should be disallowed. We disagree.

■ "In construing wills, all technical rules of construction give way, and the court is to give full effect to the true intent and meaning of the testatrix from the four corners of the will." *Estate of Straube v. Barber,* 990 S.W.2d 40, 44 (Mo.App. E.D. 1999) (citation omitted). Where a will contains unambiguous language, we must give effect to that language. *Estate of Cohen v. Crown,* 954 S.W.2d 409, 412 (citing *Estate of Heisserer v. Loos,* 698 S.W.2d 6, 8 (Mo. App. E.D.1985)). Moreover, a testator or testatrix is presumed to know and intend the legal effect of the language used in his or her will and we give those words their plain and ordinary meaning. *Straube,* 990 S.W.2d at 44 (citation omitted).

Here, Musiol's intent is clear. Musiol's will states, "I hereby bequeath to [Children] my [Brokerage Account] as it exists on the date of my death, in equal shares." This language's plain meaning indicates that Musiol intended to bequeath the contents of her Brokerage Account at the moment of her death.

■ Next, we must determine the balance of the Brokerage Account on the date of Musiol's death. Brother alleges that, on that date, $27,000 existed in the Brokerage Account. He asserts that the $30,000

check written one day prior to Musiol's death transferred funds, in spite of the fact that the check did not clear until days after Musiol died. Brother's argument is unpersuasive. We find that $57,000 existed in the Brokerage Account on the date Musiol died.

This result comports with existing Missouri law. In the context of gifts by check,[2] "[w]here the drawer of a check purports to make an inter vivos gift of the check, but it is not presented to and accepted by the drawee bank before the death of the drawer, the gift normally is ineffective." 38 Am.Jur.2d *Gifts* Section 60 (2007). Similarly, in banking law, "[a] check or other draft does not of itself operate as an assignment of funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until the drawee accepts it." Section 400.3–408 RSMo 2000.[3] Moreover, a payor may stop payment on a check in a manner that affords the bank a reasonable opportunity to act before the drawee bank accepts the item. Section 400.4–403 RSMo 2000; Section 400.4–303(a)(1) RSMo 2000.

Viewed together, the above law indicates that Musiol's check written one day before her death did not transfer funds from Musiol's Brokerage Account at the date of her death. Consequently, as a matter of law, $57,000 existed in the Brokerage Account when Musiol died.

Because the plain meaning of Musiol's testamentary language is clear and indicates that Children take the contents of the Brokerage Account on the date of Musiol's death, and because we find, in line with Missouri law, that the check written

---

**2.** Gift law is persuasive because, as in the transfer at issue here, a gift of a check is given without consideration.

**3.** *See Morris Plan Co. of St. Joseph v. Broadway Nat. Bank of Kansas City,* 598 S.W.2d 557, 558 (holding that a check drawn on a bank to a party, does not constitute an assignment of the funds to that party and therefore gives that party no rights against the bank).

on the Brokerage Account did not transfer funds before Musiol's death, the trial court did not err in granting summary judgment in favor of Children.[4]  Point denied.

## III.  CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, J., and GLENN A. NORTON, J., Concur.

4.  Children's request for damages for a frivo- lous appeal is denied.