**John E. WEAVER, Jr., and Mary Weaver, Appellants,**

v.

**SHANE'S HEATING AND AIR CONDITIONING CO., INC., and Conrad O. Kruse, Jr., Respondents.**

**No. WD 35037.**

Missouri Court of Appeals,
Western District.

Nov. 20, 1984.

Walter K. Disney, Kansas City, for appellants.

Joseph A. Sherman, Lisa A. Weixelman, Sherman, Wickens, Lysaught & Speck, P.C., Kansas City, for respondents.

Before KENNEDY, J.P., and DIXON and CLARK, JJ.

DIXON, Judge.

John and Mary Weaver appeal the jury's finding for defendants, employer and employe, in this vehicular collision case. They assert the court erred in (1) submitting contributory negligence instructions because they contend there was no evidence to support the instructions, and (2) entering judgment for both defendants because they claim the verdicts did not dispose of all of the issues. There was sufficient evidence to warrant submission of the contested instructions and, while the verdict forms and verdict directors on which they were patterned were flawed, no prejudice resulted therefrom. Affirmed.

■ When the issue presented is the sufficiency of the evidence to support the giving of a contributory negligence instruction, all of the evidence and favorable inferences from the evidence are considered to the extent that they support the submission. To the extent that the evidence and inferences do not support the submission, they are ignored. *Welch v. Hyatt*, 578 S.W.2d 905, 912 (Mo. banc 1979).

■ The record contains a welter of contradictory testimony on the essential facts of speed and distance. The facts stated in accordance with the standard of review follow.

Defendant, Conrad Kruse, an employe of and driver for defendant Shane's Heating and Air Conditioning Co., was driving Shane's one-ton truck with stock racks. From a complete stop, he made a right turn at the intersection of 3rd St. and Locust in Kansas City into the right lane of the northbound A.S.B. Bridge approach. He turned on his blinkers, looked in all of his mirrors and, approximately 25 feet north of the intersection, began to move into the left lane at a speed of 15 mph, reaching a maximum speed of 25 m.p.h. All trucks on the A.S.B. Bridge must use the left lane because of the bridge's condition. The truck driver testified he never saw any other traffic on the road and never heard a honking horn or squealing brakes. About 105 feet north of the intersection, the truck was hit by an orange Volkswagon microbus driven by plaintiff. Kruse stated that, on impact, it felt as though his truck were being pushed or shoved. The truck came to rest facing slightly southwest. The driver's door on the truck suffered substantial damage, portions of the truck bed were dented, and there was some paint transference on the stock racks. The microbus was damaged on the right front and side.

Plaintiff Weaver testified at trial (in drastic variance with his deposition testimony) that, as he was northbound in the left lane on the A.S.B. Bridge approach, going 34 mph, he first noticed defendant's truck about two cars' lengths (40 feet) ahead of him. Skid marks left by plaintiff measured 19 feet before impact and 18.6 after impact. The scuff marks from the truck's lateral movement at impact indicated the left side of the truck was 5½ feet into the left lane. The left side of the truck was over 18 feet from the east curb. There was no evidence that any other northbound traffic was present.

The plaintiffs ignore the rule stated as to review of submissibility after verdict and construct, from bits and pieces of the evidence, a scenario of speeds and distances. Based upon this, they assert that the evidence does not support the contributory negligence submission because it lacks mathematical substantiation. For that proposition, plaintiffs cite *Yeaman v. Storms*, 358 Mo. 774, 217 S.W.2d 495 (Mo banc 1948). Assuming, without deciding, that the rule for which plaintiffs contend may be drawn from that authority, the issue may be resolved upon a factual basis.

Plaintiffs' analysis of the facts is as follows: Plaintiff Weaver left 19 feet of skid marks before impact and 18.6 feet after impact. The distance traveled at 35 mph in ¾ of a second is 37.4 feet. Plaintiffs

then deduce that the truck *started* to enter plaintiff's lane of travel when plaintiff was 56.4 feet from the point of collision. Plaintiffs further deduce that since the skid marks began 89 feet north of the intersection, the plaintiff was 51.6 feet north of the intersection when the truck started to enter his lane. Based on the plaintiffs' assertion that Weaver was two car lengths behind the truck when it began to turn to the left, plaintiffs further deduce the truck was 80.6 feet north of the intersection when it first entered the left lane. Plaintiffs then conclude that with the stopping distance of 92 feet for a vehicle going 35 miles per hour, the plaintiff could not stop and, therefore, could not slacken or swerve to avoid collision.

This contention ignores evidence in the record which destroys whatever questionable validity it may on the surface present.

The truck driver said he first entered the left lane 25 feet north of the intersection at a speed of 15 miles per hour and he entered the bridge approach from a stopped position, attaining a maximum speed of 20 to 25 miles per hour. The evidence without dispute shows both vehicles were moving, to the point of impact and beyond. The testimony of the truck driver could have been believed by the jury. If so, the plaintiff Weaver would have had almost 6 seconds to react. The plaintiffs' expert, a police officer, testified that the plaintiff could have stopped, slowed, or swerved if, in fact, the truck began to move across the center line of the lanes at a point 25 feet north of the intersection. That same witness, using the plaintiff's estimate of speed of 34 miles per hour, as well as the speed he calculated from the skid marks and other physical evidence, placed the plaintiff 286.3 feet from the point of impact when the truck entered the left lane. The police officer also testified that since both vehicles were moving in the same direction, given the differential in speeds, the closure distance was slightly over 13 feet per second. The plaintiff's testimony was that he was 40 feet, or two car lengths, behind the truck when he saw it move into his lane. Thus, he had over three seconds to avoid the impact. In the 2¼ seconds after reaction time, his car would have traveled approximately 150 feet, which exceeds his stopping distance by over 50 feet. Thus, there was ample evidence to support all of the submissions on slowing, swerving, and stopping.

On the issue of warning, the truck driver said he heard no warning; but that if one had been given, he could have swerved to his right and avoided the collision. This evidence refutes the plaintiff's sole claim with respect to the warning submission, that "defendant submitted no evidence that he could have avoided the accident if a warning was sounded."

Plaintiffs also assert error in that both verdict forms allowed the jury to find for "Plaintiff" (either John or Mary, depending on the verdict form) or for "Defendant Shane's Heating & Air Conditioning Co., and Conrad O. Kruse," employer and employe. On both verdict forms, the jury found the issues for "defendant." Plaintiffs contend this was not a final judgment because the agency issue was contested and the verdict forms required a finding for plaintiffs or for both defendants.

Deviation from the MAI's is error, but the court must determine if prejudice arises. Rule 70.02(c). "To reverse a jury verdict on ground of instruction error, it must appear that the offending instruction misdirected, misled or confused the jury and the burden to prove the proposition rests with the party challenging the instruction." *Essex v. Getty Oil Co.*, 661 S.W.2d 544, 558 (Mo.App.1983). Here, the evidence was uncontroverted that Kruse was acting as Shane's agent. The plaintiff is in error in suggesting the issue was contested. As both the evidence and plaintiffs' theory support a finding of agency, it was not prejudicial error to give verdict forms permitting a finding for "defendant." *Tietjens v. GMC*, 418 S.W.2d 75, 87 (Mo.1967). In any event, the forms of verdict were prepared by plaintiffs and they may not predicate error upon instructions

submitted by them. *Morris v. Klein,* 400 S.W.2d 461, 465 (Mo.App.1966).

Affirmed.

All concur.