STATE ex rel. STATE HIGHWAY COM-
MISSION, Plaintiff-Appellant,

v.

Edward F. MERKEL, et al., Exceptions
of Inland Container Corporation,
Defendant-Respondent.

No. 47159.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 27, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Donald L. Spry, St. Louis, for plaintiff-appellant.

Joe Bill Carter, Clayton, for defendant-respondent.

SMITH, Presiding Judge.

The Missouri Highway and Transportation Commission appeals from a $53,000 jury verdict and resultant judgment in a condemnation action. On appeal it complains (1) of the trial court's failure to strike defendant's expert testimony on damages because it was based in part on loss of access and (2) to the trial court's action in allowing the defendant to reopen its case to allow its expert to correct his previous testimony and testify to a lower amount of damages.

The "loss of access" testimony was presented as a factor in determining the fair market value of the property before and after the taking. Under *State ex rel. State Highway Commission v. Nickerson*, 578 S.W.2d 916 (Mo. banc 1979) it may be so utilized by the expert. *See also State ex rel. State Highway Commission v. Texaco, Inc.*, 502 S.W.2d 284 (Mo.1973) [3]. Allowing the defendant to reopen its case was clearly within the discretion of the trial court. The additional testimony lowered the expert's estimate of damages and contained an admission by him of a serious error in his investigation of the property preliminary to forming his expert opinion. The testimony could only inhere to the Commission's benefit. This is evident from the fact that the verdict was $30,000 higher than plaintiff's highest ex-

pert and $121,000 lower than defendant's expert. The verdict was also almost exactly the amount testified to by defendant's expert solely as the value of the land permanently taken without regard to residual damage. In condemnation cases errors in admission or exclusion of evidence will not result in reversal unless there is substantial and glaring injustice. *State ex rel. State Highway Commission v. Texaco, Inc.*, supra, [3]. We find neither error nor injustice.

An extended opinion would have no precedential value. We affirm under the provisions of Rule 84.16(b).

SNYDER and SATZ, JJ., concur.