STATE of Missouri, ex rel. STATE
HIGHWAY COMMISSION OF
MISSOURI, Respondent,

v.

G.W. GEBHARDT, et al. Exceptions of
City of Adrian, Missouri, Appellant.

No. WD 37009.

Missouri Court of Appeals,
Western District.

May 6, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 26, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Edward J. Murphy, Edward J. Murphy, Inc., Butler, for appellant.

Bruce A. Ring, Chief Counsel, Earl H. Schrader, Jr., Mallory Burnett, Gary McMillan, Asst. Counsel, Missouri Highway and Transp. Com'n, Kansas City, for respondent.

Before TURNAGE, DIXON and LOW-ENSTEIN, JJ.

DIXON, Judge.

This condemnation case presents unique questions. The condemning authority confessed judgment in the amount of $1,192.50 and the trial court entered a judgment for that amount at the close of the landowner's evidence. The landowner has appealed, asserting the trial court erred in the entry of the judgment in its favor.

There are three issues. First, can the City recover damages from the Highway Commission for a taking which frustrates the future use of the City's power of condemnation to expand a City sewage facility; second, can the court accept a confession of judgment in favor of the City at the close of the evidence when there is no proper evidence of damage to the remaining land; and, third, did the trial court err in excluding evidence of replacement value.

This condemnation action was commenced in 1969. U.S. Highway 71 was a two-lane north-south highway which originally ran through the eastern portion of the City of Adrian. The State decided to make U.S. 71 a four-lane highway and reroute it to the east of the old highway.

This rerouting caused the new highway to be in close proximity to an existing sewage lagoon owned and operated by the City. In the taking, the State condemned 1.9 acres of City property immediately to the east of the existing lagoon. Following breakdown of negotiations for a purchase, suit was instituted, and following an award made by court-appointed commissioners, exceptions were filed by both parties.

The evidence for the City tended to show that the sewage disposal system of the City was inadequate before the taking by the Highway Commission. It was the City's position that the condemnation prevented the City from expanding the sewage lagoon by purchase or condemnation and that the existing sewage lagoon without space for expansion was, in fact, useless. From that, the City postulates that the damages to the City were for the replacement cost of the City's sewage system.

The evidence of the City's need for and intent to expand its sewage system at the time of the 1969 taking is dubious. It will be assumed for the purposes of this appeal that the City's evidence showed a need to improve its existing sewage lagoon.

Even assuming that fact, the City still did not present any evidence that they had begun to exercise their right of condemnation or even formed an intent to do so. The case does not present a situation where two condemning authorities have asserted conflicting rights of condemnation to the same property. The City had not undertaken any action to expand the existing sewage system before the Highway Commission's condemnation action was instituted. The instant case is, as the City frankly concedes, a claim of interference with a future right of condemnation. It is the City's position that the condemnation by the Commission has prevented the City from potentially exercising its right of condemnation to expand its existing sewage facility. The City does not offer any authority to support a right of recovery in such circumstances. The City argues from general statements of law excerpted from encyclopedias that when a right in property is damaged by a taking in eminent domain, recovery is permitted. The difficulty is that the general statements of law arise in situations where the right involved is a part of the bundle of rights which the owner of land enjoys as a result of the ownership of the land. The City's right of eminent domain is a separate right, not

dependent upon land ownership. The Highway Commission points out that in *United States ex rel. Tennessee Valley Authority v. Powelson,* 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943), the Supreme Court specifically rejected the precise claim which the City makes in this case. In *Powelson,* the utility asserted that the land condemned by the United States could have been added by the power of eminent domain to land owned by the utility and a hydroelectric project could have been built upon all of the lands. *Id.* at 274, 276, 63 S.Ct. at 1052, 1053. The Supreme Court held that the privilege to use the power of eminent domain is not private property within the meaning of the Fifth Amendment. *Id.* at 279–280, 63 S.Ct. at 1054–1055. *Powelson* was also applied in a condemnation arising in the State of Missouri, *North Kansas City Development Co. v. Chicago, B. & Q.R. Co.,* 147 F.2d 161 (8th Cir.), *cert. denied,* 325 U.S. 867, 65 S.Ct. 1405, 89 L.Ed. 1986 (1945).

The second issue to be determined in this case is the validity of the judgment entered by the trial court. Both the City and the Highway Commission had filed exceptions to the Commissioners' award of $49,700. During the cross-examination of one of the City's value witnesses, the witness was asked the value per acre of the land taken in condemnation. The witness responded that he had not valued the 1.9 acre tract by itself, but that he would value it at $450 per acre. At the conclusion of this testimony and upon the City resting its case, counsel for the Highway Commission addressed the court as follows:

> If Your Honor please, the only evidence that has been admitted in evidence and that is before the jury as to the amount of damages sustained in this case is $1,192.50. And the State is confessing judgment in that amount. There's, therefore, no need to proceed further with the trial. We are conceding that that is correct.

> And we are asking the Court to discharge the jury and enter judgment in that amount.

A long and heated colloquy followed between counsel and the court, and the court then responded to the state's offer of confession of judgment as follows:

> Well, I'll tell you what I'm going to do. I'm going to accept the confession of judgment, of course, in open court by the Plaintiff, the State in this case.

> The Court is going to discharge the jury and direct a verdict for the Defendant in the sum of $1,192.50 and their costs.

▆▆▆ Even a casual examination of the materials in 49 C.J.S. *Judgments* §§ 134–153 (1947) will reveal that the notion of "confession of judgments" is inappropriate in this case. Basic to the concept of confession of judgment is the admission of the *whole* of the plaintiff's claim. *Credit Card Corp. v. Jackson County Water Co.,* 688 S.W.2d 809, 813 (Mo.App.1985). Certainly the purported confession of judgment is not in the amount of the entire claim of the City. *Credit Card Corp.* holds the admission of a part of what is due and the entry of a judgment for that amount is improper when the plaintiff asserts that more is due on the claim. The judgment of the trial court cannot be sustained. There is no evidence of value consistent with the law's requirements in a condemnation case. When a portion of land is taken, the proper measure of damages is the difference between the value of the land before and after the taking. MAI 9.02; *Citizens Electric Corp. v. Amberger,* 591 S.W.2d 736, 738 (Mo.App.1979). There was no evidence of the before and after value of the remaining portion of the City's land. The record is barren of any evidence of value upon which the court could have properly directed a verdict. It is seldom, if ever, that a trial court should direct a verdict for the party having the burden of proof. *Rawlings v. Young,* 591 S.W.2d 34 (Mo.App. 1979). Only in cases where the defendant in his pleadings or by his counsel in open court admits or by his own evidence establishes plaintiff's claim or where there is no real dispute of the basic facts and the facts are supported by uncontradicted testimony

have the courts indicated there may be an exception to the general rule. *Zagarri v. Nichols*, 429 S.W.2d 758, 760 (Mo.1968).

The City also complains that the trial court erred in excluding the evidence of the City's expert as to the replacement value of the sewage lagoon.

 During the trial the court consistently excluded the City's evidence which would have shown that the relocation of the highway limited the City's expansion of the lagoon. City witness Koch testified that the sewage lagoon was unmarketable and that it should be valued at replacement cost, and he testified to a replacement value of the lagoon. The state objected and moved to strike on the ground that the evidence "involves land not owned by the city." Of course, any testimony as to replacement value would require consideration of the cost of the land upon which a replacement would be built. The trial court sustained the objection and ordered the testimony stricken. The testimony was an attempt by the City to pursue an alternative theory of damages after the trial court had consistently refused the evidence on the initial theory. The foundation had been laid by the City for the introduction of replacement value evidence under the theory of that measure of damages explicated in *State ex rel. State Highway Commission v. Mount Moriah Cemetery Association*, 434 S.W.2d 470, 472 (Mo.1968), and *Reorganized School District No. 2 v. Missouri Pacific Railroad*, 503 S.W.2d 153, 157–158 (Mo.App.1973). Those cases recognize that replacement value may be an appropriate measure of damages for property which has a "special use" and for which there is no market value. The sewage lagoon in the instant case is a classic example of such a special use. The trial court was in error in excluding the evidence of replacement value. Any evidence of replacement value presupposes a consideration of the cost to replace the land.

The record in the instant case is so garbled in many respects that the ruling on the instant appeal should be considered only as a determination that the sewage lagoon is special use property. The other issues involved in the application of the rule of the *Mount Moriah* and *Reorganized School District* cases will depend upon the evidence presented in another trial.

The cause is reversed and remanded to the trial court for a new trial.

TURNAGE, J., concurs.

LOWENSTEIN, J., concurs in separate concurring opinion.

LOWENSTEIN, J., concurring.

I concur in the opinion of Dixon, J., except for that portion dealing with the confession of judgment. The disposition of the case on the evidentiary grounds makes unnecessary the issue of confession of judgment.