**EMPIREGAS INC. OF BRANSON, Plaintiff–Appellant,**

v.

**TRI–LAKES PROPANE CO. and Steve R. Wood, Defendants–Respondents.**

No. 15679.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 1989.

Joseph C. Benage, Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, for plaintiff-appellant.

Donald J. Adams, Harrison, Ark., Evelyn A. Gwin, Springfield, for defendants-respondents.

Before FLANIGAN, P.J., and HOGAN and PREWITT, JJ.

FLANIGAN, Presiding Judge.

Plaintiff Empiregas Inc. of Branson, a Delaware corporation, brought this action against defendants Tri–Lakes Propane Co. and Steve R. Wood for alleged tortious interference with certain employment contracts. During the course of the two-day trial the plaintiff presented the testimony of eight witnesses and the defendant presented the testimony of ten witnesses. The plaintiff introduced 45 exhibits and the defendants introduced one exhibit. Plaintiff submitted its case to the jury under MAI 23.11. The jury returned separate

unanimous verdicts in favor of the defendants. Plaintiff appeals.

Plaintiff's sole point reads:

"The trial court erred in refusing to grant Empiregas' Motion for Judgment Notwithstanding the Verdict, because the trial court was duty bound to set aside the verdicts in favor of the respondents and to enter judgment for Empiregas on its claims of intentional interference in that: (1) the basic facts upon which Empiregas' causes of action rest were established by the admissions of the respondents and by documents the authenticity and accuracy of which are not in question, and (2) the basic facts as established by the admissions of the respondents and uncontested documentary proof establish so that reasonable minds cannot differ the elements of Empiregas' claims of intentional interference against the respondents."

Plaintiff did not, at any time prior to the verdict, move for a directed verdict. That omission is fatal to plaintiff's point because it has not been preserved for appellate review. *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317, 320[1, 2] (Mo. banc 1975); *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166, 171[2] (Mo.1968); *Edens v. Myers*, 365 S.W. 2d 559, 561[2] (Mo.1963); *Heideman v. Lorenz*, 349 S.W.2d 230, 231–232 (Mo.1961); *Glasscock v. Miller*, 720 S.W.2d 771, 773[3] (Mo.App.1986); *Gambrell v. Kansas City Chiefs Football Club*, 621 S.W.2d 382, 385[4–6] (Mo.App.1981).

Rule 72.01(b)[1] deals with a motion for judgment notwithstanding the verdict. Consistent with the foregoing holdings, that rule reads, in pertinent part: "... Not later than 15 days after entry of judgment, a party *who has moved for a directed verdict* may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; ..." (Emphasis added.)

In *Parsons Construction Co. v. Missouri Public Service Co.*, supra, the court said, at 171:

"Ordinarily a trial court is not to be convicted on appeal of error in failing to take action which was never requested. In *Clay v. Owen*, 338 Mo. 1061, 93 S.W. 2d 914, a defendant requested and received instructions submitting his theory of the case to the jury without first questioning the sufficiency of the entire evidence to make a case for the jury. It was held that 'his act in requesting the submission was voluntary,' and that on appeal he would 'not be heard to say that the court erred in complying with his voluntary request.'

This principle should apply equally as well to a plaintiff who requests and receives instructions submitting his theory of the case on the issue of liability to the jury when he makes no request for a directed verdict on that issue."

Although plaintiff has not requested plain error review under Rule 84.13(c), this court has conducted a gratuitous examination of the record on appeal. No manifest injustice or miscarriage of justice appears.

The judgment is affirmed.

HOGAN and PREWITT, JJ., concurs.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.