STATE of Missouri, ex rel. MISSOURI
HIGHWAY AND TRANSPORTATION
COMMISSION, Plaintiff-Appellant,

v.

Harley E. THOMAS, et al., Exceptions
of Norris Fridley, et al.,
Defendants–Respondents.

No. 55013.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 1989.

Paul R. Sterrett, Government Counsel,
St. Louis, for plaintiff-appellant.

Terrance L. Farris, Clayton, for defen-
dants-respondents.

SIMON, Judge.

Missouri Highway and Transportation
Commission (Commission) appeals from a
$50,000.00 jury verdict and resulting judg-
ment in a condemnation action in which
approximately 12.85 acres were condemned
for the purpose of constructing a new high-
way. On appeal, Commission contends
that the trial court erred in: (1) refusing its
withdrawal instruction No. 1, which would
have withdrawn from the jury's considera-
tion evidence of the change in the highest
and best use of the subject property after
the taking, due to the property being on a
secondary road, in that such evidence was
part of respondents' damages and is non-
compensable; and (2) refusing its with-
drawal instruction No. 2, which would have
withdrawn from the jury's consideration
evidence of change of the highest and best
use of the subject property after the taking
due to a circuity of travel, in that such
evidence was part of respondents' damages
and is non-compensable. We affirm.

■ At the outset, we note that neither
of these points have been preserved for
appellate review in that the text of these
instructions has not been set forth in the
argument portion of Commission's brief as
required by Rule 84.04(e). *Maupin v.
Bearden,* 752 S.W.2d 403, 404 (Mo.App.
1988). Further, it is clear from Commis-
sion's argument and the legal file that
Commission intended its first point on ap-
peal to contest the failure to give with-
drawal instruction No. 3 rather than No. 1.
In our discretion, we will review for plain
error reversing only if the failure to give
the requested withdrawal instructions re-
sults in manifest injustice or a miscarriage
of justice. Rule 84.13(c); *Empiregas Inc.
of Branson v. Tri-Lakes Propane Co.,* 764
S.W.2d 156, 157 (Mo.App.1989).

■ As has been aptly stated by our
brethren of the Western District:

The giving of a withdrawal instruction
rests within the sound discretion of the
trial court and absent an abuse of such
discretion, refusal to give a withdrawal

instruction constitutes no basis for complaint. *Helming v. Adams*, 509 S.W.2d 159, 169 (Mo.App.1974). Ordinarily, it is not error to refuse a withdrawal instruction. *Norton v. Johnson*, 359 Mo. 1214, 226 S.W.2d 689, 710 (1950). *Parker v. Pine*, 617 S.W.2d 536, 542–3[21] (Mo.App.1981). Further, "[i]n condemnation cases errors in admission or exclusion of evidence will not result in reversal unless there is substantial and glaring injustice." *State ex rel. State Highway Commission v. Merkel*, 684 S.W.2d 440, 441[1–4] (Mo.App.1984).

The basis of Commission's argument is that evidence was presented concerning respondents' "access problems" to the new highway. A review of the record reveals that Commission's requested withdrawal instruction, *i.e.*, Instruction No. 8, was given and instructed the jury not to consider the issues and evidence of business profits and loss of traffic. The evidence concerning "secondary road" and "circuity of travel" was adequately encompassed by withdrawal Instruction No. 8. We conclude that the failure to give Commission's requested withdrawal instructions did not result in manifest injustice or a miscarriage of justice.

Judgment affirmed.

DOWD, C.J., and HAMILTON, J., concur.