Mary BONNOT, Lee–Allen Ford (now deceased) and Gladys Ford, Doug Stephan and Shirley Stephan, B.R. Henderson and Charlotte Henderson, James R. Schekorra and Carol Schekorra, Appellants,

v.

CITY OF JEFFERSON CITY, Missouri, Respondent.

No. WD 42499.

Missouri Court of Appeals, Western District.

May 1, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1990.

Application to Transfer Denied July 31, 1990.

Roger G. Brown, Roger G. Brown and Associates, Jefferson City, for appellants.

Duane E. Schreimann, Hendren and Andrae, Jefferson City, for respondent.

Before SHANGLER, P.J., and CLARK and BERREY, JJ.

CLARK, Judge.

Appellants, all residents in or owners of homes in the Brookdale Street area of Jefferson City, brought this action for damages against the city alleging losses they suffered in consequence of sewage back-up into their properties on November 1, 1984 after a heavy rain storm. Liability for the damage was predicated on the pleaded theories of res ipsa loquitur, nuisance and negligence. At the close of appellants' evidence, the trial court directed a verdict for defendant on the res ipsa loquitur and nuisance counts and submitted the cause to the jury on the negligence count. The jury returned verdicts for the city and against all appellants.

Appellants assert as their first point of error that the trial court improperly denied submission of their case under the pleaded res ipsa theory. They observe that res ipsa was an available basis upon which the jury could have found for appellants because the reverse flow of sewage into an occupied structure does not ordinarily happen if those responsible for maintaining the sewage disposal apparatus exercise due care to maintain the system; that here, the city had the control over the sewers and the city must be presumed to have superior means of learning the cause of the occurrence. Cited, among other cases, are *McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557 (banc 1932), and *Adam Hat Stores, Inc. v. Kansas City*, 307 S.W.2d 36 (Mo.App.1957).

■ The doctrine of res ipsa loquitur is available to relieve a plaintiff from the burden of proving specific negligence when (1) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (2) the instrumentality involved was under the management and control of the defendant; and (3) the defendant possesses superior knowledge or means of information as to the cause of the occurrence. *Bass v. Nooney Co.*, 646 S.W.2d 765, 768 (Mo. banc 1983). Res ipsa loquitur is a term employed to describe a negligence case in which the negligence is proved by circumstantial evidence and which is sufficient to take the case to the jury. *Parlow v. Dan Hamm Drayage Co.*, 391 S.W.2d 315, 323 (Mo.1965). The doctrine of res ipsa loquitur is a rule of evidence which allows the claimant to make a prima facie case of negligence without di-

rect proof. *Frazier v. Ford Motor Co.*, 365 Mo. 62, 68, 276 S.W.2d 95, 98 (banc 1955).

As a rule of evidence, the res ipsa loquitur doctrine is not directly applicable to issues of pleading but is relevant in the light of the proof offered in a particular case. Although a plaintiff may plead under res ipsa loquitur, submissibility of the cause under that doctrine depends on the proof made. Conversely, general allegations of negligence do not preclude reliance on res ipsa loquitur. *Empiregas, Inc. v. Hoover Ball & Bearing Co.*, 507 S.W.2d 657, 661 (Mo.1974). Thus to examine the question of whether appellants' case should have been submitted to the jury under the res ipsa loquitur doctrine, it is first necessary to consider what appellants' evidence was.

The facts of the occurrence on November 1, 1984 were not disputed. There was a reverse flow of sewage which inundated appellants' homes in consequence of a malfunction in a main sewer line. That sewer line had been constructed by the city and it was the city's responsibility to maintain it. Although the city argues that sewer lines are, by the nature of their location, accessible to anyone, there can be no doubt that the lines were under the management and control of the city as required to meet the condition of the res ipsa loquitur doctrine. That condition is satisfied if the defendant had the right to control the instrumentality even though actual physical control was not in fact limited to the defendant. *Walsh v. Phillips*, 399 S.W.2d 123, 127 (Mo.1966).

To this point, appellants' evidence at least made a prima facie case for submission under res ipsa loquitur, it being apparent that sewer systems are designed to and generally do function to carry away sewage and a system which operates in the reverse does not ordinarily do so if those in charge have taken care to maintain the service. The problem with appellants' case, however, is that they were not content to rest on the res ipsa loquitur imputation of negligence to the city. Instead, they adduced evidence of the specific negligence on the part of the city which caused the sewer to backup.

Appellants called as their expert witness one Henry Reitz, a consulting engineer. Mr. Reitz had examined the Brookdale sewer and gave it as his opinion that the sewer was properly designed and built, there were no deficiencies in the lateral connections to the main sewer and no areas where storm water could enter the system. He attributed the sewer back-up experienced by appellants to a failure by the city to inspect the sewer at proper intervals and to provide necessary maintenance. There was no evidence to the contrary presented by appellants. They are bound by that testimony, *Hurlock v. Park Lane Medical Center, Inc.*, 709 S.W.2d 872, 879 (Mo.App. 1985), and may not contend that some other cause attributable to the city's negligence was responsible for the events.

Recourse to the res ipsa loquitur theory is incompatible with proof of specific negligence. If the plaintiff proves the cause of the casualty, it is no longer possible to rely on a presumption of the defendant's negligence attributable to other unspecified acts or omissions. The res ipsa loquitur rule aids the injured party who does not know and therefore cannot plead or adduce proof showing the specific cause of or how the event which resulted in his injury occurred, but if he knows how it came to happen, and just what caused it, and either specifically pleads or proves the cause, there is neither room nor necessity for the presumption or inference which the rule affords. *Bratton v. Sharp Enterprises, Inc.*, 552 S.W.2d 306, 311 (Mo.App.1977) (quoting *Powell v. St. Joseph Railway, Light, Heat & Power Co.*, 336 Mo. 1016, 81 S.W.2d 957, 960 (1935)).

It is true that if the plaintiff's evidence tends to show the cause of the occurrence but if that evidence also leaves the cause in doubt or not clearly shown, plaintiff will not be deprived of the benefit of the res ipsa loquitur doctrine. *Housing Auth. v. Kimmel*, 771 S.W.2d 932, 940 (Mo. App.1989). Such was not the case here where appellants' expert testified without equivocation that the sewer back-up would

not have occurred had the city performed regular, routine inspections of the main sewer. Where specific negligence is proved by direct evidence definitely showing the real or precise cause of the event, submission under the res ipsa loquitur doctrine is properly denied. *Stevens v. Missouri Pacific R.R.*, 355 S.W.2d 122, 130 (Mo.1962).

■ At oral argument, appellants tacitly abandoned the contention made in their brief that the court should have allowed submission of the case to the jury on the theories of both specific negligence and res ipsa loquitur. Instead, they contend the trial court erred in sustaining respondent's motion for a directed verdict on the counts pleading res ipsa loquitur because such proof of specific negligence as was adduced yet left the actual cause of the mishap in doubt. They cite and particularly rely on *Stevens v. Missouri Pacific R.R., supra.*

*Stevens* holds, as do a number of other cases, that a plaintiff may not be denied the benefit of the res ipsa loquitur doctrine merely because the evidence tends to show the specific cause of the accident. If, after all of plaintiff's evidence is in, the true cause of the casualty is still left in doubt or is not clearly shown, the plaintiff is not to be denied the recourse to res ipsa loquitur doctrine.

In this case, however, appellants failed to preserve for appellate review the issue of whether the trial judge's ruling on the motion for directed verdict was in error. This necessarily follows because once appellants had introduced all their evidence, a choice of what theory between the alternate but inconsistent theories pleaded was thrust upon them by respondent's motion for directed verdicts.

As the authorities previously discussed demonstrate, and as appellants now concede, the cause could not have been conjunctively submitted to the jury on the theories of res ipsa loquitur and specific negligence. If appellants had been of the view they now express that their proof made no submissible case of specific negligence, it was incumbent upon them at the time the motion for directed verdicts was heard to abandon the specific negligence theory. Instead, however, appellants proceeded to submit their case under the theory of specific negligence, thereby assuming the position of contending they had proved the actual cause of the sewer malfunction.

Whether the trial court decided the question relative to a res ipsa submission based on the nature and quality of appellants' evidence correctly or incorrectly is not an issue which appellants may now raise. By submitting the case under specific negligence, appellants relinquished any claim to a submission under an incompatible theory. The retrospective reassessment of their case after an adverse verdict on one of their pleaded theories for recovery comes too late. Appellants' first point is denied.

■ In their second point, appellants complain that the trial court refused also to submit their claims under the theory of nuisance. They argue that the city's sewer system constituted a nuisance when it backed up or overflowed in that the effect was to impair substantially the right of appellants to enjoy their property peacefully. On this basis they say the trial court erred in not permitting the nuisance submission.

It is apparent that the city's main sewers do not constitute a nuisance by reason of their existence but instead, are a benefit to the property owners and residents who make use of the facilities. It is only when the sewer malfunctions that the claim of nuisance arises. The city is therefore chargeable with maintaining a nuisance only where it permits its sewers to remain in a condition where overflow and back-up occur. The essence of the nuisance concept is a continuing condition which not only has in the past interfered with the complainant's enjoyment of his property but is expected to do so in the future. An isolated occurrence which will not be repeated may be actionable, but not as a nuisance.

In the present case, in order to establish a claim that the Brookdale sewer constituted a nuisance, it would have been necessary for appellants to present evidence that

the sewer repeatedly had overflowed or that some feature of the sewer made it likely that the back-up experienced on November 1, 1984 would occur again.

The case of *Scantlin v. City of Pevely*, 741 S.W.2d 48 (Mo.App.1987), cited by appellants, is an example of recurrent sewer overflow which proves the cause of action for maintenance of a nuisance. In *Scantlin*, the plaintiffs alleged and proved "periodic sanitary sewer back-up." The evidence was the sewer had backed up twice before, in April, 1983 and in November, 1984 and that the present action was based on a third overflow in June, 1985. In *Fletcher v. City of Independence*, 708 S.W.2d 158 (Mo.App.1986), also cited by appellants, the evidence showed sewer back-ups at the Fletcher home continuously from 1972 to 1974 and from 1977 to 1984 and further evidence that the problem would remain because the city's sewer was inadequate to carry off the waste. In both cases, the defendants were liable for maintaining a nuisance because the wrong to plaintiffs persisted and threatened future and continuing injury.

In the present case, the undisputed evidence was that the Brookdale sewer overflowed once in twenty years and then, only because a maintenance function had not been performed. There was no evidence that the problem would recur. Appellants' own evidence was that the sewer was properly designed and with regular inspections, it would function without difficulty. No case submissible under a nuisance theory was made.

Appellants next complain that certain jury instructions patterned after MAI 17.02 were erroneous in that a verdict for plaintiffs depended on a finding that the city's negligence was the direct cause of plaintiffs' damage. Apparently appellants' believe that evidence of a very heavy rainstorm prior to the sewer back-up may have influenced the jury to find for the defendant believing that the storm was an intervening or contributing cause.

■ The first problem with the point lies in the fact that appellants, in violation of Rule 84.04(e), have failed to set out in the argument portion of their brief the instructions at issue. Any error is therefore not preserved for appellate review. *State ex rel. Missouri Hwy. and Transp. Comm'n v. Thomas*, 772 S.W.2d 404 (Mo. App.1989). We can at most review the point for plain error. *State Farm Mutual Automobile Ins. Co. v. Weber*, 767 S.W.2d 336, 338 (Mo.App.1989). We find no manifest injustice or miscarriage of justice.

■ Additionally, the instructions are those which appellants themselves tendered. A party is not entitled to complain on appeal about an instruction given on his behalf at his own request. *Schisler v. Rotex Punch Co.*, 746 S.W.2d 592, 595 (Mo. App.1988). The point is denied.

■ In their fourth and final point, appellants contend the trial court erred when it did not direct a verdict in appellants' favor on all counts of their petition. They argue there were no material facts in dispute and that a verdict should have been entered for appellants as a matter of law.

As this opinion has previously indicated, appellants did not make a submissible case under the theories of res ipsa loquitur or nuisance. Obviously, therefore, the court could not have directed a verdict for appellants under either of those counts. As to the negligence count, the question was whether, in accord with the opinion of appellants' expert, the city neglected to make inspections of the main sewer and failed to provide the maintenance which those inspections would have disclosed to be necessary, thereby bringing about the conditions leading to the sewer overflow on November 1, 1984.

Evidence tendered by the city showed that inspections of the sewer had been made and that maintenance services were performed. The testimony raised issues of fact and the jury was required to decide based on the evidence whether a failure to perform routine maintenance was indeed the cause of appellants' damage and was attributable to negligence on the part of the city. Because there were factual disputes, appellants were not entitled to a directed verdict. Moreover, it is seldom if

ever that a trial court should direct a verdict for the party having the burden of proof. *State ex rel. State Hwy. Comm'n v. Gebhardt*, 714 S.W.2d 558, 560 (Mo.App. 1986).

The judgment is affirmed.

All concur.