Orin I. and Teresa S. TENNISON,
Appellants,

v.

STATE FARM MUTUAL AUTO
INSURANCE COMPANY,
Respondent,

and

Grover R. Hampton, Defendant.

No. WD 44509.

Missouri Court of Appeals,
Western District.

July 21, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 1, 1992.

Dan Sanders, Kansas City, for appellants.

Michael Eugene McCausland, Kansas City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Orin I. Tennison, appeals from a judgment, after trial by jury, in which he was awarded $50,000.00, reduced by 60% for comparative fault assessed against him.[1] Tennison's cause of action arose out of a motor vehicle collision wherein defen-

---

1. It is represented in the notice of appeal and briefs that both Orin Tennison and his wife,

dant, Grover Hampton rear-ended a vehicle which Orin Tennison was driving. Teresa Tennison was a passenger in her husband's vehicle. Tennison brought suit against Hampton, who was uninsured. Because Hampton was uninsured, Tennison also brought suit against his insurance carrier, respondent, State Farm Mutual Auto Insurance Company, under the uninsured motorist provisions of his policy.

The record reflects that on June 14, 1985, at approximately 11:00 p.m., the Tennisons were traveling west on Highway 52 near Appleton City, Missouri. As they approached a bridge, Orin Tennison saw a semi-trailer truck approaching from the opposite direction. Rather than meeting the truck on the bridge, Tennison decided to stop his vehicle on the highway to allow the truck to clear the bridge. After his vehicle was stopped for about a minute, Tennison was rear-ended by Hampton.

In his first point on appeal, Tennison claims the trial court erred by submitting comparative fault for consideration of the jury. Tennison argues that comparative fault should not have been submitted because there was no substantial evidence of negligence on his part.

When the issue presented on appeal is the sufficiency of the evidence to support the trial court having submitted comparative fault, all the evidence and favorable inferences from the evidence are considered to the extent they support the submission; to the extent the evidence and inferences do not support the submission they are to be ignored. *Weaver v. Shane's Heating and Air Conditioning Co., Inc.,* 681 S.W.2d 490, 491 (Mo.App.1984).

In the case at bar, the jury was instructed pursuant to M.A.I. 37.02, modified by M.A.I. 17.20, to assess a percentage of fault against Orin Tennison if it believed:

First, plaintiff Orin Tennison stopped his vehicle in the lane reserved for moving traffic, and

Second, plaintiff Orin Tennison was thereby negligent, and

Third, such negligence of plaintiff Orin Tennison directly caused or directly contributed to cause any damage plaintiff Orin Tennison may have sustained.

In support of the trial court's submission of Orin Tennison's comparative fault, the evidence was that he stopped his vehicle on Highway 52 in the lane reserved for traffic moving in his direction. Tennison testified that the bridge was narrow and that he was allowing a semi-truck to pass. However, there was evidence that the bridge was as wide as the paved portion of the highway. The evidence further showed that Tennison did not pull off onto the shoulder of the road and did not engage his emergency flashing lights. Additionally, the road conditions were shown to be dark and wet. This evidence was sufficient to support the submission of Orin Tennison's comparative fault in the form given by the trial court.

Tennison's first point on appeal is denied.

In his second point, Tennison argues that the trial court erred by excluding his testimony in regard to mandated future pay raises and the effect upon his future retirement income as a result of his being required to use sick leave and annual leave to recover from injuries received in the accident.

At the time of trial, Orin Tennison was 45 years old and he had been employed by the Federal Aviation Administration (FAA) for 23½ years. His position was that of an air traffic controller supervisor. After some time off for recovery following the accident, Tennison returned to work at his same job. However, Tennison argues under his second point that if he had not been required to use sick leave and annual leave to recover from his injuries, that he would have been entitled to apply accrued sick leave to his longevity which would have

Teresa Tennison, appeal from the judgment of the trial court. Teresa Tennison was awarded $500 on her claim for personal injury. Teresa Tennison does not raise any claim of error in regard to her separate award of damages and

counsel stated in oral argument that Teresa Tennison does not appeal the judgment in her favor. The appeal herein relates solely to the claim of Orin Tennison.

increased his retirement pay when he ultimately retired and further, that he would also be entitled to be paid for accumulated annual leave at the time of his retirement. In determining this future loss, Tennison argues that he should have been allowed to testify in regard to future pay raises that were mandated by Congress for air traffic controllers.

■ A personal injury plaintiff is entitled to fair and reasonable compensation for his injuries. *Sampson v. Missouri Pacific Railroad Company*, 560 S.W.2d 573, 588 (Mo. banc 1978). " '[T]he extent of future harm to the earning capacity of the injured person is measured by the difference, viewed as of the time of trial, between the value of the plaintiff's services as they will be in light of the harm and as they would have been had there been no harm.' " *Id.* at 589 (citing *Coffman v. St. Louis–San Francisco Ry. Co.*, 378 S.W.2d 583, 595 (Mo.1964)). "This difference is ... derived from reducing to present value the anticipated losses of earnings...." *Coffman*, 378 S.W.2d at 595. Damages for loss of future earnings must be established with reasonable certainty and cannot be formed from speculation and conjecture. *Hodges v. Johnson*, 417 S.W.2d 685, 689 (Mo.App.1967).

■ In the case at bar, any calculation of the future loss to Tennison as a result of his loss of sick leave and annual leave would have required more than a mere mathematical calculation of the hours lost at a given value. It would have been necessary to calculate Tennison's future wages at the time that he might retire and then to reduce the future loss to a present value. Such calculations were not matters to which Tennison was shown to be qualified to testify. Any non-expert testimony of the loss suffered by Tennison, under the facts of this case, because of his use of sick leave and annual leave would have been based upon speculation and conjecture. The trial court did not err by excluding Tennison's testimony on this issue.

Tennison's second point is denied.

In his final point, Tennison argues that the trial court erred by allowing State Farm to present evidence of the value at the time of the accident, 1985, of the annual and sick leave that he was required to use in recovery from his injuries. Tennison argues that since he had not yet retired, at a minimum he was entitled to the value, upon retirement, of his sick leave and annual leave as of the time of trial which was 1991.

■ The admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent substantial or glaring injustice. *State ex rel. Missouri Highway And Transportation Commission v. Pracht*, 801 S.W.2d 90, 93 (Mo.App.1990).

■ In the case at bar Orin Tennison testified as to the value of his sick leave and annual leave at his current rate of pay as of the time of trial. On cross-examination, defense counsel asked Tennison to make the same calculations using his 1985 rate of pay. The trial court did not abuse its discretion to cause substantial injustice to Tennison by allowing this testimony.

Tennison's final point is denied.

The judgment of the trial court is affirmed.

All concur.