**Jenifer L. SMITH, Plaintiff/Appellant,**

v.

**Lynn M. QUALLEN, Defendant/Respondent.**

**No. ED 76442.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 26, 2000.

---

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

James P. Leonard, McSweeney, Slater & Merz, P.C., St. Louis, for appellant.

John R. Sanner, Brinker & Doyen, L.L.P., Clayton, for respondent.

PAUL J. SIMON, Judge.

Jenifer Smith, plaintiff, appeals from a judgment entered pursuant to a jury verdict in her favor and against Lynn Quallen, defendant. Plaintiff argues that the trial court erred in giving a comparative fault instruction to the jury and in denying her motion for new trial.

Viewed most favorably to the verdict, the evidence adduced at trial showed the following: On June 11, 1992, plaintiff was

operating her vehicle and following a white pickup truck in the left lane of westbound Interstate 70. The pickup truck stopped suddenly. At that time, plaintiff was travelling sixteen feet behind the truck at 30–35 miles per hour. Plaintiff applied her brakes but still collided with the truck.

Defendant was operating her vehicle behind plaintiff's vehicle at an undetermined speed and distance. Defendant saw plaintiff's vehicle hit the truck and heard a "crunch." Defendant also applied her brakes but collided with plaintiff's vehicle.

At trial, plaintiff's evidence consisted primarily of her own testimony and the videotaped deposition of Dr. Barry Feinberg, one of plaintiff's treating physicians. The total amount of plaintiff's medical expenses was $33,877.33. Defendant's evidence consisted primarily of her own testimony and the videotaped deposition of Dr. Herbert Rosenbaum, who examined plaintiff. The trial court submitted a comparative fault instruction to the jury, allowing it to apportion fault to either defendant, plaintiff, or both. The jury entered a verdict in the amount of $2094.60, and assessed 51% of the fault to defendant and 49% of the fault to plaintiff. Judgment was entered in favor of plaintiff for $1068.25.

Plaintiff filed a motion for judgment notwithstanding the verdict, or, in the alternative, for additur or for a new trial. That motion was denied. This appeal followed.

■ In her first point, plaintiff argues that the trial court erred in submitting defendant's verdict director on comparative fault and its corresponding verdict form because defendant failed to introduce sufficient evidence that plaintiff's negligence caused any of the damage she sustained. When the issue on appeal is the sufficiency of the evidence to support the trial court's submission of comparative fault to the jury, all the evidence and favorable inferences from the evidence are considered to the extent they support the submission. *Tennison v. State Farm*, 834

S.W.2d 846, 847 (Mo.App. W.D.1992). To the extent the evidence and inferences do not support the submission, they are to be ignored. *Id.*

Here, the jury was instructed pursuant to M.A.I. 37.02, modified by M.A.I. 17.09, as follows:

> In your verdict, you must assess a percentage of fault to Plaintiff, whether or not Defendant was partly at fault, if you believe:
>
> First, Plaintiff was following the white pickup truck too closely, and
>
> Second, Plaintiff, in the respect submitted in Paragraph First, was thereby negligent, and
>
> Third, such negligence of Plaintiff directly caused or directly contributed to cause any damage Plaintiff may have sustained.

■ In support of the trial court's submission of plaintiff's comparative fault, the evidence was that plaintiff was following the pickup truck at a distance of sixteen feet and at a speed of 30–35 miles per hour, that defendant saw plaintiff's vehicle crash into the pickup truck, and that defendant heard a crunch.

Further, this evidence supports two inferences which are favorable to the submission. First, plaintiff caused some of the damage that she sustained by the initial collision between her vehicle and the pickup truck. Second, by following the pickup truck too closely, plaintiff reduced the *stopping distance* available to defendant. M.A.I. 17.09, the instruction submitting following too closely, tracks Section 304.017 RSMo 1994, which provides that the "driver of a vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway."

Plaintiff argues that there was no evidence that her following the pickup truck too closely caused the second collision. She contends that the defendant failed to

introduce evidence of the relative position of the three vehicles, the stopping distance for the vehicles involved, reaction times for the drivers, and the speed of each vehicle prior to the application of brakes by any party. This statement is only partially correct; there was evidence that plaintiff's vehicle was travelling sixteen feet behind the pickup truck at a speed of 30–35 miles per hour, which is sufficient to show that plaintiff was following the pickup truck too closely.

■ Plaintiff argues, nonetheless, that there is no evidence that her negligence in following too closely caused the accident. However, direct proof of causation is not required; a jury may infer causation from the circumstances. *Derrick v. Norton,* 983 S.W.2d 529, 532 (Mo. App. E.D.1998). In the absence of compelling evidence establishing the absence of causation, the causation question is for the jury. *Id.* at 533.

Here, there was sufficient evidence for the jury to infer causation. Plaintiff's vehicle would normally require a certain distance to come to a safe stop. Because she was following the pickup truck too closely, she stopped short of this distance and collided with the truck. Defendant, in turn, had less of an opportunity to stop her vehicle short of a collision with plaintiff's vehicle. This evidence and its reasonable inferences are sufficient for the jury to find causation. Point denied.

■ In her next point, plaintiff contends that the trial court erred in denying her motion for new trial because the $2094.60 in damages awarded by the jury were grossly inadequate. A trial court has wide discretion in ruling on a motion for new trial on the grounds of inadequacy of a verdict. *Kenniston v. McCarthy,* 858 S.W.2d 268, 271 (Mo.App. E.D.1993). Appellate review of a denial of such a motion is limited to consideration of the evidence which supports the trial court's action. *Id.* A verdict approved by the trial court is conclusive on appeal unless it is so shocking and grossly inadequate as to indicate that the amount of the verdict was due to passion and prejudice. *Id.*

Plaintiff argues that the specific amount of $2094.60 indicates that the jury's verdict was grossly inadequate. She contends that a verdict ending in sixty cents cannot be reconciled with the medical expenses presented to the jury without arriving at a much higher damage total. However, if a damage award is within the range of the evidence, a jury's verdict is not erroneous although the amount is not precisely in accordance with the evidence of either party. *Total Economic Athletic v. Pickens,* 898 S.W.2d 98, 108 (Mo.App. W.D.1995).

■ Here, the verdict falls within the range of the evidence. Dr. Rosenbaum testified that the soft tissue injuries that plaintiff sustained should have healed within a matter of several days or a couple of weeks, regardless of how she was treated. None of the medical expenses presented to the jury were incurred within two months of the accident. Although plaintiff testified that she began to receive chiropractic treatment from Dr. Coogan just two days after the accident, no charge for this treatment appears on the list of medical damages she presented to the jury. Dr. Rosenbaum also testified that he considered much of the treatment given to plaintiff as excessive and unnecessary.

■ As to the contended impossibility of a verdict ending in sixty cents, it could have included a sum for pain and suffering, or it could have resulted from a compromise over differing opinions as to the amount of damages. We cannot infer from the amount of the jury's verdict alone that it was due to passion or prejudice.

Judgment affirmed.

LAWRENCE E. MOONEY, P.J. and SHERRI B. SULLIVAN, J., concur.